THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN: 256535)
Jeffrey Mikel, Esq. (SBN 350671)
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: Cameron@sehatlaw.com

Attorney for Plaintiffs, Dawn Poole, Michael Cartwright, prospective Plaintiff G.M. a minor by her mother and guardian ad Litem, SAMANTHA PIERSON

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DAWN POOLE, individually and as a Successor in Interest of the Estate of JUSTIN CARTWRIGHT; MICHAEL CARTWRIGHT, individually and as a Successor in Interest of the Estate of JUSTIN CARTWRIGHT,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHRIGHT 360, a California Domestic Non-Profit organization and doing business as HEALTHRIGHT 360, VITKA EISEN, individually and DOES 1 through 20, inclusive,<br><br> Defendants. | Case No.: 3:25-cv-03173-JCS<br><br>**PROPOSED PLAINTIFF G.M.'s NOTICE OF MOTION AND MOTION TO INTERVENE**<br><br>**Hearing Date: August 20, 2025**<br>**Time: 10:30 am**<br>**Courtroom: D (15th Floor)**<br><br>**ASSIGNED TO HON. Joseph C. Spero** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on August 20, 2025, at 10:30 a.m., the following motion to intervene will be heard by the Honorable Joseph C. Spero, Judge of the United States District Court for the Northern District of California, in

Courtroom D, 15th Floor of the courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102.

## MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 24(a)(2), Proposed Intervenor G.P. ("Prospective Plaintiff") hereby moves to intervene as of right as a plaintiff in the above-captioned action. Proposed Plaintiff, in the alternative, requests leave to intervene by permission pursuant to F.R.C.P. 24(b)(1)(B) and then to file a First Amended Complaint pursuant to F.R.C.P. 15.

Counsel for all Parties in this action and for Prospective Plaintiff have met and conferred in compliance with L.R. 7-3.

This motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey Mikel, filed herewith, and all other papers and records on file in this case. This motion is also accompanied by a proposed First Amended Complaint and proposed order.

DATED: July 23, 2025                THE SEHAT LAW FIRM, PLC

                                    By: */s/ Jeffrey Mikel*
                                    Cameron Sehat, Esq.
                                    Attorneys for Plaintiffs,
                                    DAWN POOLE, MICHAEL
                                    CARTWRIGHT, and Prospective Plaintiff
                                    G.M. a minor by her mother and guardian
                                    ad Litem, SAMANTHA PIERSON

THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN: 256535)
Jeffrey Mikel, Esq. (SBN 350671)
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: Cameron@sehatlaw.com

Attorney for Plaintiffs, Dawn Poole, Michael Cartwright, prospective Plaintiff G.P. a minor by her mother and guardian ad Litem, SAMANTHA PIERSON

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| DAWN POOLE, individually and as a Successor in Interest of the Estate of JUSTIN CARTWRIGHT; MICHAEL CARTWRIGHT, individually and as a Successor in Interest of the Estate of JUSTIN CARTWRIGHT, <br><br>                Plaintiffs, <br><br>     vs. <br><br> HEALTHRIGHT 360, a California Domestic Non-Profit organization and doing business as HEALTHRIGHT 360, VITKA EISEN, individually and DOES 1 through 20, inclusive, <br><br>  Defendants. | Case No.: 3:25-cv-03173-JCS <br><br> **MEMORANDUM OF LAW AND POINTS OF AUTHORITIES** |

## I.      Introduction

This is wrongful death, negligence, and neglect of a dependent adult action to hold the defendants accountable for their actions and omissions resulting in the death of Justin Cartwright.

Subsequent to commencing this action, Plaintiffs Dawn Poole and Michael Cartwright have learned that Decedent's daughter G.P. was not legally adopted as previously believed necessitating this motion to intervene on all claims pursuant to FRCP 24(a)(2) or in the alternative (b)(2), and to amend the Complaint pursuant to FRCP Rule 15. Current Plaintiffs and Prospective Plaintiff G.P. concur with this filing. A copy of the Proposed First Amended Complaint if annexed to the declaration of Jeffrey Mikel as **Exhibit 1**.

**II.    Legal Standard**

Federal Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> >
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

As the Ninth Circuit explained in U.S. ex rel. McGough v. Covington Technologies Co., 967 F.2d 1391, at 1395 (1992), Intervention "of right" under Rule 24(a)(2) exists when the applicant establishes all four criteria: (1) The application for intervention must be timely; (2) The applicant's interest must relate to the property or transaction involved in the pending lawsuit; (3) Disposition of the lawsuit may adversely affect the applicant's interest unless intervention is allowed and (4) The existing parties do not adequately represent the would-be intervenor's interests. See also, Sierra Club v. E.P.A., 995 F.2d 1478 (9th Cir.1993). Only if all four factors exist, is intervention of right required.

The court further explained, in determining whether a motion to intervene is timely, we evaluate three factors: (1) the stage of the proceeding at which an

applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. U.S. ex rel. McGough v. Covington, 967 F.2d 1391, 1395.

In the alternative, in relevant part Federal Rule of Civil Procedure 24(b) provides:

> (b) Permissive Intervention.
>> (1) In General. On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>> […]
>> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Whether intervention pursuant to FRCP Rule 24 is sought pursuant to (a) or (b) the party seeking intervention the moving party must provide notice to the parties as provided in (c) which states:

> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

### III. Argument

#### a. Intervention pursuant to FRCP 24 (b)(1)(b)

Here, Prospective Plaintiff G. P. satisfies all of the requirements of (a)(2) to intervene as of right.

Prospective Plaintiff G.P. claims an interest in the property or transaction

that is the subject of the action, namely the events that led to the death of Justin Cartwright and the resulting wrongful death and survivor damages. Decedent was never married prior to his dearth and Prospective Plaintiff is the only child of Decedent, his sole heir under the law of intestacy, has standing to pursue wrongful death damages pursuant to C.C.P. §377.6 (a) and standing to pursue survivor damages through the Decedent's estate as his successor in interest pursuant to C.C.P. §377.30 and C.C.P. §377.30.

As the only heir to Decedent's estate and the only person with standing to pursue the instant claims, G.P. is so situated that disposing of this action would a practical matter impair or impede her ability to protect her interest and the existing parties do not adequately represent her interest.

This action is timely in that Prospective Plaintiff makes this motion at the early stages of discovery, prior to initial disclosures, prior to a scheduling order, and, most critically, well within the applicable two-year statute of limitations based on the events at issue which took place from December 28, 2023 to January 25, 2024. Any delay in filing of this motion was due to Prospective Plaintiff being unaware of this action based on existing Plaintiffs' mistaken belief that G.P. was legally adopted prior to Decedent's death.

**Intervention pursuant to FRCP 24 (b)(1)(B)**

In the alternative, Prospective Plaintiff G. P. satisfies all of the requirements of (b)(1)(B) for permissive intervention.

Since Prospective Plaintiff seeks to intervene on all existing claims as the only person with standing to do so, all of her claims share common questions of law and fact with this action.

The intervention here will not prejudice any party. Defendants will not be prejudiced. As stated in detail above, Prospective Plaintiff moves at the early stages of discovery. The parties have not exchanged initial disclosures and a scheduling order has not yet been issued. Additionally, the substance of

Defendant's defenses in this action will be virtually unchanged by Prospective Plaintiff's intervention as all claims will are based on the same essential facts.

Existing plaintiffs will not be prejudiced in that they concur in the filing of this motion and understand that Prospective Plaintiff is the only individual that has standing to bring the claims in this action and hold defendants accountable for Decedent's death.

Prospective plaintiff hereby complies with (c) in that this motion will be served on defendants, through their counsel along with a copy of the proposed First Amended Complaint. In strict compliance with FRCP 24 (c) copies of this motion and First Amended Complaint will be served on existing Plaintiffs by email who are nevertheless aware of and concur in the filing of this motion.

### IV.   Conclusion

Wherefore, all of the foregoing reasons, Prospective Plaintiff G.P. respectfully requests this court grant her motion in its entirety including leave for Prospective Plaintiff G.P. to file a First Amended Complaint.

Date: July 29, 2025                    THE SEHAT LAW FIRM, PLC

*/s/ Jeffrey Mikel*
Attorneys for Plaintiff

# FEDERAL COURT PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is: 5100 Campus Drive, Suite 200, Newport Beach, California 92660. I am employed in the office of a member of the bar of this Court as whose direction the service was made.

On July 29, 2025, I served the foregoing document described as:

**PROPOSED PLAINTIFF G.M.'s NOTICE OF MOTION AND MOTION TO INTERVENE, MEMORANDUM OF LAW AND POINTS OF AUTHROTIES, DECLARATION OF JEFFREY MIKEL IN SUPPORT OF PLAINTIFF'S MOTION TO INTERVENE, and [Proposed] ORDER GRANTING LEAVE FOR PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT**

<u>To all interested parties in this action as follows:</u>

Sideman & Bancroft LLP
One Embarcado Center, 20th Floor
San Francisco, CA 94111
"Fontana, Andre" <afontana@sideman.com>,
"Leonida, Ellen V." <eleonida@sideman.com>,
Attorneys for Defendants

Existing Plaintiffs
Dawn Poole and Michael Cartwright
cartwright.carrier@gmail.com
dawn_benard@yahoo.com

The documents were served by the following means:

  X    by email to the email addresses provided above

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 29, 2025 at Newport Beach, California.

*/s/ Jeffrey Mikel*
Jeffrey Mikel_____