**THE SEHAT LAW FIRM, PLC**
Cameron Sehat, Esq. (SBN 256535)
Jeffrey Mikel, Esq. (SBN 350671)
Nicholas Brosamle, Esq. (SBN: 356492)
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
cameron@sehatlaw.com
n.brosamle@sehatlaw.com
**Attorneys for Plaintiff**
G.M.P a minor, individually and personal representative of the estate of JUSTIN CARTWRIGHT, by her mother and guardian ad litem Samantha A. Pierson

**SIDEMAN & BANCROFT LLP**
ELLEN V. LEONIDA (State Bar No. 184194)
E-Mail: eleonida@sideman.com
ANDRE FONTANA (State Bar No. 342801)
E-Mail: afontana@sideman.com
KORINA M. BUFORD (State Bar No. 358142)
E-Mail: kbuford@sideman.com
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960 Facsimile: (415) 392-0827
**Attorneys for Defendants**
HealthRIGHT 360, and Vitka Eisen

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| G.M.P a minor, individually and as personal representative of the estate of JUSTIN CARTWRIGHT, by her mother and guardian ad litem Samantha A. Pierson,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTHRIGHT 360, a California Domestic Non-Profit organization and doing business as HEALTHRIGHT 360; VITKA EISEN, individually and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:25-cv-03173-JCS<br><br>*Assigned for All Purposes to:*<br>*The Honorable Joseph C. Spero*<br><br>**JOINT STATUS REPORT (RULE 26)**<br><br>Complaint Filed: March 27, 2025<br>FAC Filed: August 1, 2025<br>Trial Date: Not Set |

Plaintiff G.M.P., by her mother and proposed guardian ad litem, Samantha Pierson, Individually and on behalf of The Estate of Decedent JUSTIN CARTWRIGHT ("Plaintiff") and Defendants HEALTHRIGHT 360, VITKA EISEN, individually and DOES 1 through 20, inclusive, collectively, "Defendants"), hereby submit the following Joint Case Management Statement pursuant to the Court's June 25, 2025, order. Plaintiff and Defendants are collectively referred to as "the Parties."

This Report is prepared jointly by Plaintiff and Defendants who have appeared in the matter.

1. **Jurisdiction and Service:**

There is complete diversity of citizenship between the parties. The amount in controversy exceeds $75,000, exclusive of interest and costs. The action was originally filed in the Superior Court of California, County of San Francisco. Accordingly, removal to the United States District Court for the Northern District of California is proper under 28 U.S.C. §§ 1441(a) and 1446, and venue is proper under 28 U.S.C. § 84(a).

All named parties have been served.

2. **Facts:**

**Plaintiffs' statement of facts:**

Justin Cartwright was a 30-year-old man experiencing homelessness and co-occurring substance use disorders. He was released from the Madera County Jail in December 2023, he voluntarily enrolled in HealthRIGHT 360's ("HR360") residential program in San Francisco, which was required by his mother, Dawn Poole who offered him housing and employment in Ireland contingent upon his completing treatment. Mr. Cartwright was motivated to go into the program to better his life and be more involved in his minor daughter, GMP's life.

On December 28, 2023, Mr. Cartwright was admitted to HR360s high-intensity residential detox program. Medical assessments at intake note that he was highly vulnerable to relapse, with documented history of methamphetamine, opioid, and marijuana use, including a specific risk of fentanyl relapse. On December 29, 2023, Mr. Cartwright overdosed on fentanyl within the facility and required emergency intervention, which involved four doses of Narcan. Mr. Cartwright reported accessing drugs found unattended in a bathroom. After he was

hospitalized at UCSF, he returned to HR360's program, but no corrective care measures were taken or taken by the facility regarding drug access or enhanced monitoring for drug access. Despite two further documented relapses, (January 7 and January 14, of 2024), the decedent was transferred to a lower level of supervision within HR360's program.

On January 15, 2024, he was found deceased in his room, with drug paraphernalia nearby and physical signs indicating that he had been deceased for several hours prior to his body being discovered. There is no evidence that required wellness checks were performed during the intervening time. Plaintiff alleges a pattern of similar incidents involving overdoses and safety failures at HR360 facilities between March 2023 and April 2024, including multiple client and staff facilities, and references a state investigation into the regulatory violations.

**Defendants' statement of facts:**

HealthRIGHT 360 is a non-profit that operates programs providing treatment to indigent people struggling with substance abuse. Justin Cartwright, a homeless man with substance abuse issues, entered Walden House, a HealthRIGHT 360 facility, in late December 2023. He had recently been released from custody in Madera County and his mother offered to help him move to Ireland, but only if he completed a drug rehabilitation program.

Walden House is a non-custodial, voluntary residential treatment program. Although Walden House does not permit residents to use drugs inside its facilities, the program does not have the authority or ability to monitor residents' actions when they are not inside the program. Nor does Walden House have the authority or ability to monitor each resident every minute of every day. Mr. Cartwright did not abide by program rules and used drugs while he was a resident of Walden House. His drug use resulted in a fatal overdose.

3. **Legal Issues:**

**Plaintiffs' Position:**

The parties dispute whether the defendants' conduct constituted neglect of a dependent adult under Welfare & Institutions Code §§15610.57 and 15657, including whether there was recklessness, oppression, fraud, or malice under §15657. The parties also dispute amount and applicability of various categories of wrongful death and survivor damages. Another legal issue is defendants' liability for negligent training, supervision, and retention.

**Defendants' Position:**

Defendants dispute Plaintiff's theories of liability against Defendants. Defendants further dispute the legal and/or the factual bases for the damages to which Plaintiff claims she is entitled, particularly since Plaintiff has not given Defendants any calculation or bases for those damages claims.

### 4. Motions:

Defendants filed a Notice of Removal on April 8, 2025 and subsequently filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 21, 2025. Plaintiffs filed an Opposition to the Motion to Dismiss on May 5, 2025. Defendants Healthright 360 and Vitka Eisen's filed a reply in support of Motion to Dismiss the Complaint on May 12, 2025.

On August 1, 2025, the First Amended Complaint was filed. On August 27, 2025, Defendants filed their Answer to the First Amended Complaint.

As of October 15, 2025, Defendants have a pending motion for judgment on the pleadings specifically seeking to dismiss Claim 4. Plaintiff's Opposition to Defendants' motion is due October 29, 2025.

Plaintiff does not currently anticipate the need for any other specific motions, but Plaintiff generally anticipates motions to compel discovery, and motions in limine may become necessary. Plaintiff may also file a motion for summary judgment if discovery reveals that one or more issues in this case can be resolved based on undisputed facts.

Defendants anticipate filing a motion for summary judgment and motions related to discovery, as necessary.

### 5. Amending the Pleadings:

**Plaintiffs' Position**

On August 1, 2025, Plaintiff filed the First Amended Complaint adding G.M.P. as a plaintiff. Defendants have moved to dismiss claim four as described above, and Plaintiff is opposing the motion.

Plaintiff anticipates subsequently amending the pleadings to substitute individually named defendants for DOE defendants as the identities of responsible parties are revealed

through discovery. Plaintiff may also seek to amend the pleadings to add or modify claims as discovery proceeds.

**Defendant's Position**

Defendants dispute Plaintiff's right to amend its pleading as a matter of course. Pursuant to Rule 15, Plaintiff may no longer freely amend her pleading.

**6.   Evidence Preservation:**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") issued by the Northern District of California.

**7.   Disclosures:**

On October 13, 2025, Plaintiff served initial disclosures onto Defendants.

**8.   Discovery:**

The parties conducted their Rule 26(f) conference on June 17, 2025.

The parties have begun conducting discovery in this case. On September 16, 2025, Defendants propounded discovery on Plaintiff. On October 13, 2025, Plaintiff propounded discovery on Defendants. The parties propose that non-expert discovery be completed by April 3, 2027, and expert discovery be concluded by May 26, 2027.

Pursuant to Your Honor's Civil Standing Order No. 9, the parties have met and conferred by video conference regarding a discovery dispute. If the parties are unable to resolve this dispute, they will file a joint letter with the Court.

To facilitate discovery and future disclosures, the parties stipulated to enter into a protective order pursuant to Federal Rule of Civil Procedure 26(c). The parties filed the stipulated protective order with the Court on July 8, 2025. The Court granted the stipulated protective order the following day.

**9.   Class Actions:**

This is not a class action.

**10.   Related cases:**

There are no related cases.

**11.   Relief:**

Plaintiff is requesting an entry of judgement in their favor and against all Defendants, and DOES 1 through 20 inclusive, as follows: (1) for general and special damages according to proof; (2) for punitive damages against the individual and entity defendants in an amount to be proven at trial; (3) for interest; (4) for reasonable costs of this suit and attorney's fees pursuant to W&I §15657; (5) for such further other relief as the Court may deem just, proper and appropriate.

Defendants generally deny that Plaintiffs are entitled, legally and/or factually, to the relief they request.

### 12. Settlement and ADR:

The parties have not yet engaged in settlement discussions or participated in ADR. The parties are agreeable to completing ADR through a settlement conference with a magistrate judge pending completion of discovery. Plaintiff proposes to complete ADR by July 17, 2027.

### 13. Other References:

The parties have consented to proceed before a United States Magistrate Judge for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c).

### 14. Narrowing of Issues:

The parties have not yet met and conferred regarding the narrowing of the issues but intend to do so in good faith as the case progresses to streamline the litigation.

### 15. Trial:

The parties request a jury trial. The estimated length of trial will be between 4–5 days. Plaintiff proposes that trail begin on August 23, 2027. The parties anticipate that trial will be held in the San Francisco Division of the United States District Court for the Northern District of California, as the case was originally filed in San Francisco County and the events giving rise to the claims occurred within this division

### 16. Proposed Scheduling Order:

| EVENT | Plaintiffs' Proposed dates | Defendants' proposed dates |
|---|---|---|

12637-2\7680570v1

6
**JOINT STATUS REPORT (RULE 26)**

| | | |
|---|---|---|
| Jury Trial | August 23, 2027 | |
| Final Pretrial Conference | August 2, 2027 | |
| ADR completion | July 17, 2027 | |
| Last Date to file motions | June 30, 2027 | |
| Expert disclosure cutoff | June 26, 2027 | |
| Expert disclosure (rebuttal) | June 12, 2027 | |
| Expert Disclosure (initial) | May 22, 2027 | |
| Non-expert discovery cutoff | May 4, 2027 | |
| Last Date to Amend Pleadings or Add Parties | March 15, 2026 | |
| Initial Disclosures | April 22, 2027 | |

Respectfully submitted,

October 29, 2025,                                     **THE SEHAT LAW FIRM, PLC**
By:/s/*Cameron Sehat, esq.*
Cameron Sehat, Esq.
Jeffrey Mikel, Esq.
Nicholas Brosamle, Esq.
Attorneys for Plaintiff, GMP


October 29, 2025,                                     **SIDEMAN & BANCROFT LLP**
By: */s/ Ellen v. Leonida, esq.*
Ellen V. Leonida, Esq.
Andre Fontana, Esq.
Korina M. Buford, Esq.
Attorneys for Defendants,
HealthRIGHT 360, and Vitka Eisen