UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN POOLE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HEALTHRIGHT 360, et al.,<br><br>    Defendants. | Case No. 25-cv-03173-JCS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 43 |

## I.    INTRODUCTION

This case involves the tragic death of Justin Cartright ("Decedent"), apparently due to a drug overdose, while he was a resident of Defendants' sober living facility. In the Court's July 7, 2025 Order, the Court granted in part and denied in part Defendants' motion to dismiss, finding, *inter alia*, that 1) insufficient facts were alleged to establish standing on the part of the Decedent's parents to assert a wrongful death claim (Claim One); and 2) the survivor claim (Claim Four) failed because it was based on negligence resulting in the Decedent's death. Dkt. no. 29 ("July 7 Order") at 9-10, 20-21. The Court dismissed both claims with leave to amend. *Id.* at 23.

On July 29, 2025, a motion to intervene was filed seeking to name Decedent's daughter as plaintiff instead of his parents, dkt. no. 34, along with a proposed First Amended Complaint ("FAC"). Pursuant to the stipulation of the parties, the Court dismissed Decedents' parents and ordered the FAC filed, subject to any defenses Defendants wished to assert to the claims asserted therein. Dkt. no. 38. The Court set a response deadline of August 27, 2025. *Id.* Defendants filed an answer to the FAC on that date.

On October 15, 2025, Defendants filed a Motion for Judgment on the Pleadings ("Motion") asking the Court to enter judgment in their favor under Rule 12(c) of the Federal Rules

1  of Civil Procedure as to Plaintiff's renewed survivor claim (Claim Four).  The Court finds that the
2  Motion is suitable for determination without oral argument and therefore vacates the motion
3  hearing set for January 14, 2026 pursuant to Civil Local Rule 7-1(b).  **The Case Management**
4  **Conference set for that will be conducted at 2:00 p.m. instead of 9:30 a.m.**  For the reasons
5  stated below, the Motion is GRANTED.

6  **II.   BACKGROUND**

7  In the FAC, Plaintiff alleges that Defendant HealthRIGHT 360 is a non-profit provider of
8  residential treatment and sober living programs, including San Francisco-based Walden House.
9  FAC ¶¶ 3-4. According to the FAC, HealthRIGHT 360 is "the predominant substance use
10 residential treatment and rehab programs in San Francisco." *Id*. ¶ 20. Defendant Vitka Eisen is the
11 CEO of HealthRIGHT 360 and the FAC alleges that she was "responsible for HR360's various
12 residential treatment and sober living programs." *Id*. ¶ 4.

13 The FAC alleges that Plaintiff G.P. "is the daughter of Decedent . . . and is his sole heir
14 under the law of intestacy and his successor in interest." *Id*. ¶ 1. The FAC alleges that Decedent
15 was homeless and "suffering from co-morbid conditions including substance abuse disorder." *Id*. ¶
16 19. According to the FAC, Decedent was incarcerated at the Madera County Jail in September
17 2023, and was released in December 2023."  *Id*. Upon Decedent's release from custody, the FAC
18 alleges, Decedent's mother offered to help Decedent relocate to Dublin, Ireland, on the condition
19 that Decedent first attended "a drug residential treatment and rehab." *Id*. ¶ 20. Decedent agreed
20 and was admitted to HealthRIGHT 360's residential treatment program on December 28, 2023,
21 the FAC alleges. *Id*. ¶¶ 20–21. The FAC alleges that on January 14, 2024, Decedent relapsed on
22 unspecified drugs and died while in a HealthRIGHT 360 facility. *Id*. ¶ 29.

23 Like the original complaint, the FAC asserts four claims under California law against
24 Defendants in connection with Decedent's death: 1) wrongful death (Claim One); 2) neglect of a
25 dependent adult under Cal. Welf. & Inst. Code § 15610.57 and § 15657 ("the Elder Abuse Act")
26 (Claim Two); 3) negligent training, supervision and retention (Claim Three); and 4) survival under
27 Cal. Code Civ. Proc. § 377.30 *et seq*. (Claim Four) ("the Survivor Claim").  *Id*. ¶¶ 43–76.

28 In the Motion, Defendants contend Plaintiff's Survivor Claim fails for the same reasons the

Court found in the July 7 Order that the claim fell short in the original complaint, pointing out that the allegations setting forth the Survivor Claim in the FAC (FAC ¶¶ 72-76) are identical to the allegations in the original Complaint (Compl. ¶¶ 76-80).

## III. ANALYSIS

### A. Legal Standards Under Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and internal quotation marks omitted).

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

### B. Discussion

As discussed in the Court's July 7 Order, a wrongful death cause of action is a statutory claim that arises at the time of a decedent's death. July 7 Order at 8-9 (citing *Est. of Swindell v. Cnty. of Sonoma,* No. 15-CV-897-SC, 2015 WL 6177743, at *6 (N.D. Cal. Oct. 21, 2015); *Rich v. Taser Int's, Inc*., No. 09-cv-02450-ECR-RJJ, 2012 WL 4490845, at *4 (D. Nev. Sept. 26, 2012)). In contrast, a survivor claim is "a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event." *Id.* at 21 (citing *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1264 (2006)). A survivor claim cannot be based on the decedent's own death as a wrongful death claim vests in the decedent's heirs. *Id.* at 22 (citing *Est. of Serna v. Cnty. of San Diego*, No. 20CV2096-LAB-MSB, 2021 WL 4480658, at *2 (S.D. Cal. Sept. 30,

2021)).  Furthermore, predeath pain and suffering damages generally are not available on a survivor claim, but there is an exception to this rule where a plaintiff establishes neglect under the Elder Abuse Act.  *Id.*

In the July 7 Order, the Court found that the allegations in the original complaint in support of the survivor claim amounted to a claim that Defendants' negligence caused Decedent's death and therefore, that the claim failed under the rule set forth in the *Estate of Serna* case.  *Id.*  Because the allegations in the FAC in support of the Survivor Claim are identical to the allegations in the original complaint, the Court reaches the same conclusion as to that claim, which fails as a matter of law for the reasons set forth in the July 7 Order.[1]  Because Plaintiff has been given an opportunity to amend and has failed to cure this defect, no further leave to amend this claim will be afforded Plaintiff.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS the Motion and dismisses Plaintiff's Survivor Claim (Claim Four) with prejudice.

**IT IS SO ORDERED.**

Dated:  January 2, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

[1] Even assuming that the Court were to construe the allegations in the FAC broadly to find that the Survivor Claim is based not on Decedent's death but instead, on pain and suffering experienced before Decedent's death as a result of Defendants' alleged neglect, in violation of the Elder Abuse Act, that claim would be duplicative of Claim Two, for violation of the Elder Abuse Act.

4